Ezra Sutton (ES-2189)
**EZRA SUTTON, P.A.**
900 Route 9, Suite 201
Woodbridge, New Jersey 07095
Tel: (732) 634-3520
Fax: (732) 634-3511

*Attorneys for Chic Home Design, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CHIC HOME DESIGN, LLC, | : | **Civil Action No.** |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| NEW JOURNEY GROUP LIMITED d/b/a | : | |
| KING LINEN, COZI HOME, CHEZMOI, | : | |
| AND ECITY DIRECT, | : | |
| | : | |
| Defendants. | : | |

Plaintiff CHIC HOME DESIGN, LLC ("Chic Home" or "Plaintiff"), by its attorneys Ezra

Sutton & Associates, P.A., alleges on knowledge as to its own acts and otherwise on information

and belief as follows:

**<u>INTRODUCTION</u>**

1.     Plaintiff Chic Home creates and designs unique two-dimensional graphic artworks

for use on textiles, which are used to manufacture Chic Home's line of textiles. Plaintiff owns this

design exclusively, and makes and sells this textile product bearing this designs for profit. This

action is brought to recover damages for direct, vicarious and contributory copyright infringement

arising out of the misappropriation of Plaintiff's intellectual property rights in certain of these

designs. Said misappropriation occurred when Defendant manufactured, imported, distributed, purchased, or sold textiles bearing Plaintiff's proprietary design.

## JURISDICTION AND VENUE

2.      This copyright infringement action arises under 17 U.S.C. § 101 *et seq*.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright).

3.      This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(l)-(3). Upon information and belief, this Court has general jurisdiction over Defendants based on their location in New York and their continuous and systematic conduct of business within New York, including, *inter alia*, Defendants' continuous contacts with New York, such as offering for sale, selling and shipping textiles to customers in New York, presence at trade shows and/or other events in New York, and travel to New York in connection with the marketing, sale and other business activities concerning fabric and textiles.

4.      Upon information and belief, this Court also has specific personal jurisdiction over Defendants under subsections (a)(l) and (a)(2) of the New York long-arm statute (CPLR § 302) because upon information and belief, Defendants have transacted business in this State and in this District, and has committed tortious acts of copyright infringement within this State and District. Upon information and belief, Defendants' acts of copyright infringement relevant to personal jurisdiction include, but are not limited to, the operation of interactive websites offering for sale textiles in New York that infringe the copyrighted designs-in-suit, to customers in New York of infringing textiles, and the shipment of infringing textiles to customers in New York.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, the Plaintiff's principal place of business is located in this judicial

district, the copyrighted designs are owned by Plaintiff, Defendants committed acts of infringement within this judicial district, and personal jurisdiction over Defendants existed in this judicial district at the time this action was commenced.

## PARTIES

6.      Plaintiff Chic Home is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 1 West 34th Street, 11th Floor, New York, New York 10001.

7.      Defendant New Journey Group Limited d/b/a King Linen, Cozi Home, Chezmoi, and Ecity Direct is a California corporation having a principal place of business located at 1793 West 2nd Street, Pomona, California 91766, and does business in and with the State of California.

8.      Plaintiff is informed and believes and thereon alleges that Defendant is an importer and/or vendor of textiles which Defendants have imported and/or sold that were printed with Plaintiff's copyrighted design (as hereinafter defined), without Plaintiff's knowledge or consent.

9.      Plaintiff is informed and believes and thereon alleges that Defendant was a moving, active, conscious force behind Defendants infringement of Plaintiff's copyrighted design. Defendant had an obvious financial interest sales of this infringing textile and profited from Defendants direct infringement of Plaintiff's copyrighted design (as hereinafter defined) while declining to exercise a right to stop or limit it.

10.     Plaintiff is informed and believes and thereon alleges that Defendant made the decision on behalf of Defendant to import and/or sell the infringing textiles bearing Plaintiff's copyrighted design. On information and belief, Defendant knew of, directed, ratified, approved, supervised, controlled, induced, or otherwise actively participated in the unauthorized acts of

copying and distribution of the infringing textiles (bearing Plaintiff's copyrighted designs) without Plaintiff's knowledge or consent.

**FACTS SUPPORTING**
**FIRST CLAIM FOR COPYRIGHT INFRINGEMENT OF CHIC HOME'S**
**COPYRIGHTED DESIGN ENTITLED "LIVINGSTON COMFORTER"**

11.     Plaintiff exclusively owns an original textile design it has internally designated as "Livingston Comforter" ("Copyrighted Design A"). Plaintiff owns a copyright registration for the Copyrighted Design A (attached as Exhibit A).

12.     Prior to the conduct described herein, Plaintiff was publishing and offering for sale swimwear textiles bearing the Copyrighted Design A shown below, which at all relevant times was owned exclusively by Plaintiff.

13.     Plaintiff is informed and believes that prior to the infringing conduct described herein, Defendants had access to the Copyrighted Design A.

14.     Plaintiff discovered textiles bearing a design that infringed the Copyrighted Design A by making and selling Accused Product B (attached as Exhibit B) being sold by Defendants without Plaintiff's permission, on Amazon.com, as well as other infringing sales. Below is an image of the Copyrighted Design A (next page) and the Accused Product B being offered for sale by Defendants (successive 3 pages after the next one):

15.     Attached as Exhibit C is a copy of Plaintiff's copyright registration granted on October 31, 2014 for the work entitled "Livingston Comforter." Attached as Exhibit D is a printout of Plaintiff's copyrighted design being sold on Amazon.

16.     Attached as Exhibit E is the cease and desist letter Plaintiff sent to King Linen on June 6, 2014 demanding that they discontinue their infringement of the Livingston pattern, as well

4

as other copyrighted designs owned by Plaintiff.  Further warning letters were sent to Defendants on July 30, 2015 and August 4, 2015, which are attached as Exhibits F and G.

## COPYRIGHTED DESIGN A



## EXHIBIT A

## ACCUSED PRODUCT B



http://www.amazon.com/gp/product/B01541ZO5K?psc=1&redirect=true&ref_=oh_aui_detailpage_o00_s00



http://www.amazon.com/gp/product/B01541ZO5K?psc=1&redirect=true&ref_=oh_aui_detailpage_o00_s00

## EXHIBIT B



This is the Law Label from the sample purchased from Amazon showing Cozi Home



Showing Cozi Home on main label

**EXHIBIT B**



Actual Sample purchased from Amazon



Barcode from sample purchased showing Cozi Home RN #

**EXHIBIT B**

17.     Plaintiff is informed and believes, and thereon alleges that Defendants imported and/or distributed and/or sold the Accused Product B to third parties, including Amazon.com.

18.     Plaintiff is informed and believes, and thereon alleges, that prior to Defendants' sale of Accused Product B, Defendants had copied the Copyrighted Design A owned by Plaintiff.

19.     Plaintiff is informed and believes and thereon alleges that Defendants copied the Copyrighted Design A in violation of Plaintiff's rights, with knowledge that the Copyrighted Design A was Plaintiff's proprietary design, and/or with knowledge that Defendants had no right to do the same.

20.     Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants advertised on its website, purchased, sold, caused to be manufactured, imported and/or distributed textiles featuring the Accused Product B design that is substantially identical to the Copyrighted Design A.

21.     The substantial identity between the two designs at issue is too striking to be the result of anything other than unlawful copying by Defendants.

## FIRST CLAIM FOR COPYRIGHT INFRINGEMENT
### (One Copyright)

22.     Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

23.     Plaintiff is informed and believes and thereon alleges that Defendants had access to the Copyrighted Design A including, without limitation, through (a) access to copies of the Copyrighted Design A; and (b) access in the open stream of commerce and the internet.

24.     Plaintiff is also informed and believes that Defendants sold textiles with said Accused Design A to third party vendors, retailers, and consumers. Plaintiff is further informed

and believes and thereon alleges that Defendants have an ongoing business relationship with said third party vendors and retailers, and each of them sell textiles bearing said Accused Design B and that is identical or substantially similar to the Copyrighted Design A.

25.     Plaintiff is informed and believes and thereon alleges that Defendants infringed Plaintiff's copyrights by directly infringing the Copyrighted Design A and by importing, distributing and/or selling textiles which infringe the Copyrighted Design A through customers, wholesalers, retail stores and on-line outlets.

26.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

27.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

28.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Copyrighted Design A. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Copyrighted Design A in an amount to be established at trial.

29.     Plaintiff is informed and believes, and thereon alleges that Defendants infringed the Copyrighted Design A with knowledge that the Copyrighted Design A was the copyrighted property of Plaintiff and/or with knowledge that Defendants' respective uses of the Copyrighted Design A were in violation of Plaintiff's copyright in the Copyrighted Design A, and/or in a reckless manner in such a way as to render Defendants liable for willful infringement.

## SECOND CLAIM FOR
### Vicarious and/or Contributory Copyright Infringement

30.    Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

31.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided, abetted in, and/or profited from the illegal reproduction and/or subsequent sales of fabrics or textiles featuring copies of the Copyrighted Design A as alleged hereinabove.

32.    Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33.    By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34.    Due to Defendant's acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Copyrighted Design A. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Copyrighted Design A, in an amount to be established at trial.

35.    Plaintiff is informed and believes, and thereon alleges that Defendants infringed the Copyrighted Design A with knowledge that the Copyrighted Design A were the copyrighted property of Plaintiff and/or with knowledge that its uses of the Copyrighted Design A was in

violation of Plaintiff's copyright in the Copyrighted Design A, and/or in a reckless manner in such a way as to render Defendants liable for willful infringement.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

1.      <u>With Respect to Each Claim for Relief</u>

   a.      That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyright in any manner, specifically those for the Subject Design A;

   b.      That Plaintiff be awarded all profits of the Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial;

   c.      That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

   d.      That Defendants account to Plaintiff for its profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

   e.      That Plaintiff be awarded pre-judgment interest as allowed by law;

   f.      That Plaintiff be awarded the costs of this action; and

   g.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL

AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

By:   _Ezra Sutton_

EZRA SUTTON (ES-2189)
**EZRA SUTTON, P.A.**
Plaza 9 Bldg., 900 U.S. Hwy. 9
Woodbridge, New Jersey 07095
(Ph.) 732-634-3520
(Fax) 732-634-3511

*Attorneys for Plaintiff Chic Home Design, LLC*

Dated: December 3, 2015